PETROPLUS, JUDGE:
This claim was filed for damages sustained by the Claimant in the amount of $7,560.00, representing loss of rentals beginning with the month of September, 1971, and continuing through the month of March, 1972, during which time twelve rental units owned by the Claimant remained vacant.
*274 The State Building Commission, Respondent, notified tenants in the apartment building owned by the Claimant in the months of March and April, 1970, that the apartment building must be vacated by July 30, 1970. This Court previously held in a claim filed by Orpha E. Jones against the State Building Commission, Claim D-357, that the notification to the tenants prior to the actual taking of the property by the State by the institution of eminent domain proceedings constituted an unwarranted interference with the owner’s right to use her property as she saw fit. In the prior case it was disclosed that the tenants moved out of the building in accordance with the State’s notice, leaving the Claimant with an unoccupied building for a long period of time. It now appears that condemnation proceedings, delayed because of financing problems, were never instituted by the State and that the Claimant and Respondent negotiated a sale of the property at a satisfactory price to be consummated in the month of April, 1972 by delivery of a deed to the State Building Commission in exchange for payment of the purchase price. There was a meeting of the minds on February 23, 1972, and an option agreement was executed by the Claimant at a stipulated price.
Inasmuch as the Claimant was awarded loss of rentals from April, 1971, to August, 1971, in the amount of $5,425.00 in the former Opinion, it is reasonable and equitable for the Claimant to be awarded the additional amount of $6,480.00, representing rentals from the month of September, 1971, to the time of the execution of the option agreement at the end of February, 1972. We feel that the State should be allowed a reasonable time for consummating the sale required in the preparation of a Deed and the examination of title.
It is manifestly unjust to deprive the Claimant of rentals during the vacancy of the property when the State delayed almost two years in the actual taking of the property after causing the tenants to vacate the same.
Reference is made to the foregoing Opinion for a more comprehensive statement of the reasons the Court made an award in the former case, and for the same reasons an award will be made in this case.
Award of $6,480.00.